(39 Misc. Rep. 533.)

### POWELL et al. v. BURSKY et al.

(City Court of New York, General Term. December, 1902.)

1. ATTACHMENT—ACTION ON BOND—DEFENSE.

     An attachment was issued against certain nonresidents, and was thereafter vacated, and an appeal from the order vacating the attachment was abandoned. Thereafter local attorneys, assignees of the rights of the nonresidents, sued the surety on the undertaking in attachment to recover for their services to their clients. *Held*, that the surety could not set up as a separate defense that foreign attorneys of plaintiff in attachment were so negligent in failing to serve the summons on the nonresidents that the attachment was vacated, nor to allege that the appeal from the order vacating the attachment is still pending, where there is also no allegation of a stay of such proceedings.

Appeal from special term.

Action by Omar Powell and Daniel L. Cady against Nathan Bursky and another. From an interlocutory judgment sustaining a demurrer to the answer, Bursky appeals. Affirmed.

Argued before SEABURY and CONLAN, JJ.

Baggott & Ryall (George Ryall, of counsel), for appellant.

William K. Hawkins, for respondents.

SEABURY, J. This is an appeal from a judgment sustaining plaintiffs' demurrer to the alleged separate defense of the defendant

Bursky. The action is brought by the plaintiffs, who are counselors at law, to recover the alleged reasonable value of services rendered by them to their clients. The plaintiffs were the attorneys for Louis Isaacs and Max Isaacs, who were defendants in an action brought against them by Philip Shapiro and Mannes Rose in the supreme court of this state. The defendants in this action were the sureties named in, and who executed an undertaking on an attachment obtained in, the action brought by Shapiro & Rose against L. and M. Isaacs. The complaint, after alleging various facts in reference to the attachment in the former action, and the assignment by L. and M. Isaacs of their rights under the undertaking to the plaintiffs, alleges that an order was made vacating the attachment from which Shapiro & Rose appealed to the appellate division (74 N. Y. Supp. 1146); that the plaintiffs in this action, as attorneys for L. and M. Isaacs, moved to dismiss said appeal because of the failure of Shapiro & Rose to serve the printed papers on appeal and the decision of the appellate division permitting Shapiro & Rose to apply to the special term for permission to serve and file the printed papers upon payment of costs within three days of the entry of said order; that the order was entered January 17, 1902; and that the plaintiffs in that action failed to pay the costs, and failed to move for leave to open their default, as provided in the order of the appellate division, "and have abandoned said appeal." The defendant Bursky, in his answer, as a separate defense alleges the sale and delivery by Shapiro & Rose to L. and M. Isaacs of certain goods, and, after alleging the facts in reference to the attachment, alleges that Shapiro & Rose sent to W. W. & J. R. Watts, attorneys of Louisville, Ky., copies of the summons and complaint and of the order directing service, with instructions to them to serve the Isaacses with the same, and that said Messrs. Watts, in violation of their said instructions, served the summons one day too late, so as to enable the attachment to be vacated. The answer also alleges that the attachment obtained in said action was vacated, and that the appeal from said order vacating it is pending and undetermined. To this alleged defense the plaintiffs in this action demurred upon the ground that it did not state facts sufficient to constitute a defense. The court at special term sustained the demurrer. From the interlocutory judgment entered upon such decision this appeal is taken.

The alleged separate defense, as pleaded in the answer, is wholly insufficient. If the attorneys of Shapiro & Rose, W. W. & J. R. Watts, committed a wrong in delaying the service of the papers that were sent to them for service, it does not avail the defendant Bursky as against the plaintiffs in this action. If these attorneys committed an actionable breach of duty, it may have given Shapiro & Rose an action against them; but it certainly does not afford a defense to Bursky, who is sued as surety upon an undertaking which he entered into in that action. The alleged fact that an appeal is still pending from the order vacating the attachment is not a defense to this action. This question was squarely passed upon in Feiber v. Smith (Sup.) 6 N. Y. Supp. 446, where it was held that a defense that an appeal had been taken from an order vacating the attach-

ment, which was still undetermined, must, in order to be good, allege that a stay of proceedings has been ordered, or such other facts in connection with it as legally would accomplish that result. The appellant not only attempts to defend the sufficiency of his alleged defense, but tries to save it by challenging the sufficiency of the complaint. As a demurrer searches the record for the first fault in pleading, we have examined the allegations of the complaint. The complaint alleges that the appeal from the order vacating the attachment has been abandoned by the defendant. The defendant objects that this allegation is a mere conclusion of law, and that the plaintiffs should plead the facts showing the abandonment. We have seen, however, that it has been held that the pendency of such an appeal is not a good defense to the action, nor are allegations of facts showing the abandonment of the appeal essential allegations of the complaint. The complaint states a good cause of action, and the defense is clearly insufficient. The judgment sustaining the demurrer is affirmed, with costs.

Judgment affirmed, with costs.

CONLAN, J., concurs.